*H HW*

KC F I L E D
MAR 2 7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**In the United States District Court for the**
**Northern District of Illinois, Chicago Division**

Pamala Dorsey and Syreeta Dorsey,
          Plaintiffs

v.

First Franklin Financial Corporation,
Troy Price, Real People Mortgage LLC,
Daniel Finley, Finley Appraisal Service,
Amaxx Title Services, Carol J. Harris,
First American Credco,
Igor N. Teplitsky, Big Easy Investments,
Mortgage Electronic Registration Systems Inc.,
LaSalle Title Company, Chase Home Finance LLC,
          Defendants.

Case Number:

Judge:

08CV1771
JUDGE LEFKOW
MAGISTRATE JUDGE SCHENKIER

## Complaint

The Plaintiffs, Pamala Dorsey and her daughter Syreeta Dorsey, hereby request a jury

trial for primary issues pertaining to federal questions under the jurisdiction of this court.

1.    Both Plaintiffs reside in Cook County, Illinois.

2.    The subject properties are located in Cook County, Illinois.

3.    Defendant First Franklin Financial Corporation is a Delaware foreign business

corporation registered in good standing with the State of Illinois.

4.    As of March 3, 2008, Defendant First Franklin Financial Corporation surrendered its

Illinois Mortgage Banking license #MB.0004195 on 2/9/2005 and its license #

MB.0005094 expired on 5/3/2005.

5.    Defendant Troy Price is the owner of Real People Mortgage LLC, is the seller of the

subject property purchased by Plaintiff Syreeta Dorsey, and is the mortgagee of a

disputed second mortgage on said property, and is the signatory of a bounced check

given to Plaintiff Pamala Dorsey.

6.    Defendant Real People Mortgage LLC is a domestic limited liability company in good standing with the State of Illinois.

7.    Defendant Real People Mortgage LLC's license # MB.6760197 with the Illinois Division of Banking expired on 11/15/2007.

8.    Defendant Big Easy Investments is a business entity purportedly owned by Defendant Troy Price.

9.    Defendant Carol J. Harris is a family relative of Defendant Troy Price and the seller of the property sold to Plaintiff Pamala Dorsey.

10.    Defendant Daniel Finley is an Illinois certified residential appraiser in good standing.

11.    Defendant Finley Appraisal Service is the business name under which Daniel Finley was paid during the closing of the Dorsey properties.

12.    Defendant Amaxx Title Services LLC is a domestic limited liability company in good standing with the State of Illinois.

13.    Defendant First American Credco is a Washington corporation whose Illinois corporation status has been revoked since 2000.

14.    Defendant Igor Teplitsky is an Illinois certified residential appraiser in good standing.

15.    Defendant Mortgage Electronic Registration Systems Inc. is a Delaware foreign corporation in good standing with the State of Illinois.

16.    As of 3/3/08, Defendant Mortgage Electronic Registration Systems Inc. is not listed as having a mortgage banking license with the State of Illinois.

17.    Defendant LaSalle Title Company is a domestic corporation in good standing with the State of Illinois.

18.    Defendant Chase Home Loan Finance LLC is a Delaware foreign limited liability

company in good standing with the State of Illinois.

19.     As of 3/3/08, Defendant Chase Home Loan Finance LLC is not listed as having a

mortgage banking license with the State of Illinois.


Count One:

20.     On June 14, 2007, Plaintiff Pamala Dorsey obtained a warranty deed from grantor

Carol J. Harris, Document #0717260057 in the Cook County Recorder of Deeds, for

the property commonly known as 16111 Clifton Park in Markham, Illinois 60428.

21.     Also on June 13, 2007, Plaintiff Pamala Dorsey executed a mortgage for

$295,000.00, Document #0717260058 in the Cook County Recorder of Deeds, with

Defendant mortgagee Mortgage Electronic Registration Systems, Inc.

22.     Defendant First Franklin is the originator of the mortgage and note referenced in

Paragraph 21.

23.     Defendant Chase Home Finance Inc. is the assignee of the mortgage and note

referenced in Paragraph 21.

24.     The mortgage broker for this transaction was Defendant Troy Price, owner of

Defendant Real People Mortgage LLC.

25.     Although Plaintiff Pamala Dorsey was not provided with a purchase agreement,

according to the warranty deed, the purchase price for the property was $295,000.00.

26.     The purported sales price was based upon an appraisal secured by Defendants Daniel

Finley and Finley Appraisal Services.

27.    Plaintiffs allege that the appraisal value was inflated in furtherance of a conspiracy to commit mortgage fraud because a free Cyberhomes online appraisal for the area found the average selling in 2007 with approximately the same living area and lot size sold for 14% less or for an average of $254,040. **(Exhibit A.)**

28.    Plaintiff Pamala Dorsey is disabled and receives disability income from Social Security.

29.    Despite having knowledge and valid income statements regarding the facts stated in Paragraph 28, Defendant Troy Price and Defendant Real People Mortgage LLC falsified a Uniform Residential Loan Application on which he reported that the Plaintiff was employed as an Assistant Office Manager for Defendant Big Easy Investments and earned a gross monthly income of $5,597.00

30.    Defendants Troy Price and Big Easy Investments falsified paystubs and other documents in a scheme to defraud for purposes of making Plaintiff appear to qualify for a 100% loan-to-value mortgage loan.

31.    Even though Defendant First Franklin's provided Plaintiff with a copy of Lender's Closing Instructions directing that a lender's credit report be obtained from Defendant First American Credco, such credit report failed to uncover the discrepancies between Plaintiff's falsified income and true income.

32.    Although Plaintiff Pamala Dorsey signed the Uniform Residential Loan Application, she did so without reviewing its small print due to trust of a mortgage broker and seller who were family friends.

33.    Plaintiff Pamala Dorsey alleges that the adjustable rate mortgage, balloon note, and other disclosures were inadequate and in violation of Truth-in-Lending laws.

34.    Plaintiff Pamala Dorsey alleges that the closing costs were unreasonably high due to illegal kickbacks and other fees.

35.    Plaintiff Pamala Dorsey alleges that she did not receive an accurate HUD-1, in violation of the federal Real Estate Settlement Procedures Act, or that there were discrepancies between the HUD-1 and the disbursements actually made at the closing.

36.    After the closing, Plaintiff Pamala Dorsey received a $5000 business check from Defendant Big Easy Investments, signed by Defendant Troy Price. However, that check bounced. Defendant Troy Price has yet to honor that check.

37.    Plaintiff Pamala Dorsey alleges that the Defendants committed several federal TILA, RESPA, and ADA (Americans with Disabilities Act) violations in addition to Illinois state law violations. Accordingly, in exchange for surrendering title and possession of the property, she requests the following relief:

    a.  Rescission of her mortgage with no adverse/derogatory credit consequences;

    b.  Temporary and permanent injunctive relief;

    c.  A cease and desist order;

    d.  Declaratory judgment that Defendants' acts were unlawful;

    e.  Joint and several liability for actual, compensatory, special, consequential, punitive, refund of all monies paid to the mortgagee, interest on the escrow, and other damages in the amount of $885,000.00.

    f.  Attorney's fees and costs;

    g.  Reporting of the Defendants' actions to state and federal regulatory agencies for appropriate disciplinary sanctions and revocation/suspension of licenses;

    h.  Investigation and prosecution of the Defendants for criminal charges; and

     i.   Whatever other relief is deemed just.

Count Two:

38. On August 31, 2007, first time home buyer Plaintiff Syreeta Dorsey obtained a deed for the property commonly known as 8515 S. Oglesby Avenue in Chicago, Illinois, Document #0727647045 in the Cook County Recorder of Deeds, from the seller, Defendant Troy Price.

39. Also on August 31, 2007, Plaintiff Syreeta Dorsey executed a mortgage for $204,000.00, Document #0717260058 in the Cook County Recorder of Deeds, with Defendant mortgagee Mortgage Electronic Registration Systems, Inc.

40. Defendant First Franklin Financial Corporation is the originator of the mortgage referenced in Paragraph 39.

41. Defendant Troy Price is the mortgagee of a $25,000.00 second mortgage secured by the property referenced in Paragraph 38.

42. The mortgage broker for this transaction was Defendant Troy Price, owner of Defendant Real People Mortgage LLC.

43. Although Plaintiff Syreeta Dorsey was not provided with a purchase agreement and alleges that her signature on a purchase agreement was forged. Various closing documents contradict whether the purchase price for the property was $255,000.00 or $265,000.00. Plaintiff even recalls the mortgage broker/seller and other defendants arguing about the purchase price at the closing, negotiating about how to 'make the numbers work' for an 80% loan-to-value ratio.

approximately $161,000.00 owed to HSBC Bank. A lis pendens for that foreclosure is viewable in Document 0724026072 in the Cook County Recorder of Deeds, executed on 8/24/2007, one week before closing on the property with the Plaintiff.

44.   On February 28, 2008, as part of a qualified written request under Section 6 of the Real Estate Settlement Procedures Act (RESPA), Plaintiff Syreeta Dorsey asked First Franklin to send her a copy of the purchase agreement, in addition to a copy of the HUD-1, appraisal, and other closing documents. Despite this specific request, Defendant First Franklin did not comply by providing the Plaintiff a copy of the purchase agreement or HUD-1.

45.   The purported sales price of $255,000.00 or $265,000.00 was based upon an appraisal conducted by Defendants Daniel Finley and Finley Appraisal Services.

46.   Plaintiffs allege that the appraisal value of $265,000 was inflated in furtherance of a conspiracy to commit mortgage fraud because a free Cyberhomes online appraisal for the area found the average selling in 2007 with approximately the same living area and lot size sold for 9% less or for an average of $231,070. **(Exhibit B.)**

47.   Plaintiff alleges that Defendant First Franklin received a second opinion or lender's appraisal because, in its Itemization of Amount Financed, the Defendant listed a fee of $200 for a review appraiser, Defendant Igor N. Teplitsky. **(Exhibit C.)**

48.   Plaintiff Syreeta Dorsey further alleges that despite giving Defendants Troy Price and Real People Mortgage LLC copies of her tax returns and pay stubs, Defendants Troy Price and Real People Mortgage LLC falsified her income on the Uniform Residential

Loan Application, stating that her gross monthly income was approximately $6372.00. She alleges that her income was falsified without her knowledge in furtherance of a conspiracy to commit mortgage fraud by inflating her income in order that she may qualify for the mortgage. Plaintiff further alleges that Defendants Troy Price and Real People Mortgage LLC forged pay stubs and other documents to substantiate the inflated stated income.

49. Even though Defendant First Franklin's provided Plaintiff with a copy of Lender's Closing Instructions directing that a lender's credit report be obtained from Defendant First American Credco, such credit report failed to uncover the discrepancies between Plaintiff's falsified income and true income.

50. Plaintiff Syreeta Dorsey further alleges that Defendants Troy Price and Real People Mortgage inflated down payment by depositing, without her knowledge, $43,000 into her bank account and representing at closing that said monies were a gift from her mother.

    a.  Plaintiff alleges that the day after the $43,000 deposit was made into her bank account, Defendant Troy Price rushed her to closing without prior notice and without providing her copies and disclosures of the closing documents for her to review.

    b.  As the seller of the property, which otherwise was in foreclosure, Plaintiff recalls Defendant Troy Price being extremely anxious to return the $43,000 to the person who loaned him the money.

     c.  Plaintiff Pamala Dorsey, the mother of Plaintiff Syreeta Dorsey, asserts that she did not loan $43,000 to Troy Price nor give her daughter that amount as a gift to apply towards the down payment for the house.

51.    Plaintiff alleges that she was not provided a HUD-1 prior to or during the closing, in contradiction to federal RESPA laws.

52.    Plaintiff further alleges that Defendants First Franklin Financial Corporation and Amaxx Title, by and through its agent, knowingly participated in the conspiracy to commit mortgage fraud as well as TILA and RESPA violations by failing to provide Plaintiff with a copy of the second-opinion appraisal by Igor Teplitsky, by failing to provider her with the HUD-1 and other statutorily required settlement costs disclosures, and other acts in furtherance of and/or to cover-up of the conspiracy.

53.    Plaintiff alleges that the seller, Defendant Troy Price, failed to repair the property as promised.

54.    Plaintiff Syreeta Dorsey alleges that she was provided all documents at the closing but was directed to post-date certain documents.  Plaintiff alleges that due to the hurried nature of closing by virtue of the $43,000 deposit made into her bank account, she was not provided a copy of the documents before closing so that she could have them reviewed by an attorney.  She also alleges that due to a lack of notice of the closing, she was unable to secure counsel to accompany her to the closing.

55.    Plaintiff alleges that the Defendants' conspiracy to commit mortgage fraud burdened her with a mortgage and note that consumed more than half of her net income.  As a result, Plaintiff is currently in default of the mortgage.  Defendant First Franklin has

initiated foreclosure proceedings in the Circuit Court of Cook County, Illinois: County Department – Chancery Division, case number 08CH07487.

    a.  Plaintiff will seek removal of the state court case to this court to consolidate the issues pertaining to the subject property.

56.  Plaintiff Syreeta Dorsey alleges that the Defendants committed several federal TILA, and RESPA, violations in addition to Illinois state law violations. Accordingly, she requests the following relief:

    a.  Rescission of her mortgage with no adverse/derogatory credit consequences;

    b.  Temporary and permanent injunctive relief;

    c.  A cease and desist order;

    d.  Declaratory judgment that Defendants' acts were unlawful.

    e.  Joint and several liability for actual, compensatory, special, consequential, punitive, refund of all monies paid to the mortgagee, interest on the escrow, and other damages in the amount of $765,000.00.

    f.  Attorney's fees and costs;

    g.  Reporting of the Defendants' actions to state and federal regulatory agencies for appropriate disciplinary sanctions and revocation/suspension of licenses;

    h.  Investigation and prosecution of the Defendants for criminal charges; and

    i.  Whatever other relief is deemed just.

## Count Three:

57.  Plaintiff Syreeta Dorsey realleges warranty deed ownership of the subject property as stated in Paragraph 38.

58.    On February 6, 2008, Plaintiff filed a Declaration of Assignee's Update of Land
       Patent #2477, Document # 0803909030, in the Cook County Recorder of Deeds.
       **(Exhibit D.)**

59.    Plaintiff published recording of the land patent in the Chicago Daily Law Bulletin on
       February 27, March 5, March 12, and March 19, 2008.  **(Exhibit E.)**

60.    Plaintiff alleges that by virtue of declaring assignment of federal Land Patent 2477
       issued to Elijah Hubbard in 1839, and by virtue of said land patent granting certain
       rights and privileges to the heirs and assignees forever, that she is entitled to the
       privilege of such patent canceling her mortgage on the property.  As ground for
       asserting this right, it is stated:

       a.    Article VI, Section 2 of the U.S. Constitution states, "This Constitution, and the
             Laws of the United States which shall be made in Pursuance thereof, and all
             Treaties made, or which shall be made, under the Authority of the United States,
             shall be the supreme Law of the Land; and the Judges in every State shall be
             bound thereby, any Thing in the Constitution or Laws of any state to the Contrary
             notwithstanding."

       b.    Numerous U.S. Supreme Court rulings have found that 'After exclusive
             jurisdiction over lands within a State have been ceded to the United States, private
             property located thereon is not subject to taxation by the State, nor can state
             statutes enacted subsequent to the transfer have any operation therein.' *Surplus
             Trading Company v. Cook, 281 U.S. 647; Western Union Telegraph Co. v. Chiles,
             214 U.S. 274; Arlington Hotel v. Fant, 278 U.S. 439; Pacific Coast Dairy v.
             Department of Agriculture, 318 U.S. 285; Beadle v. Smyser 209 U.S. 393.*

c.  Under Article IV, Section 3, and clause 2 of the U.S. Constitution, Congress, in exercise of its discretion in disposal of public lands, had power, by this section, to restrict alienation of homestead lands after conveyance by the United States in fee simple by providing that no such lands shall become liable to satisfaction of debts contracted prior to issuance of the land patent. *Ruddy v. Rossi*, 248 U.S. 104.

d.  Contrary to the *Ruddy* U.S. Supreme Court precedent, Plaintiff alleges that Defendant FIRST FRANKLIN sought to deprive Plaintiff of federally protected property rights by initiating judicial foreclosure proceedings against federally-patented land for satisfaction of a suspect mortgage debt.  Plaintiff alleges that such action also violates Plaintiff's civil rights as outlined in the U.S. Constitution, 42 U.S.C. 1982, 42 U.S.C. 1983, and U.S. Supreme Court precedents.

61.  In the alternative, Plaintiff requests that if her Declaration of Assignment of Land Patent is ruled invalid, that all deeds and mortgages be set aside for fraud because the original owner or assignee of the land patent retains superior title to the disputed property.

62.  Defendant First Franklin is being similarly sued for mortgage fraud and land patent trespass in *Belle v. First Franklin et al*, case number 2:07-cv-12624, in the U.S. District Court for the Eastern District of Michigan.

63.  Wherefore, Plaintiff Syreeta Dorsey seeks the following relief:

a.  That any present or future foreclosure claims be dismissed;

b.  Temporary and permanent injunctive relief;

c.  Declaratory judgment that Defendant's acts are unlawful;

d.  That Plaintiff be awarded treble damages of $765,000.00 plus attorney's fees and

costs for defending against their trespass on her land patent; and

e.  Any other relief deemed just.


Respectfully submitted,


Pamala Dorsey, In Pro Per
14733 Chicago Road
Dolton, IL 60419
708-201-9309

Syreeta Dorsey, In Pro Per
8515 S. Oglesby Avenue
Chicago, IL 60617
773-991-6613



## Comparables



## Top Ten Comparable Homes

| # | Address | Bedrooms | Bathrooms | Living Area | Lot Size | Sales Date | Last Sale |
|---|---------|----------|-----------|-------------|----------|------------|-----------|
| 1 | 15830 HOMAN AVE | | 2 | 1,948 Sq. Ft. | 3,690 Sq. Ft. | 7/10/2007 | $170,000 |
| 2 | 16640 TURNER AVE | — | 2 | 2,383 Sq. Ft. | 9,420 Sq. Ft. | 2/11/2008 | $189,000 |
| 3 | 16237 SAINT LOUIS AVE | — | 2 | 2,139 Sq. Ft. | 7,980 Sq. Ft. | 3/15/2007 | $197,000 |
| 4 | 3609 W 163RD ST | — | 2 | 2,139 Sq. Ft. | 6,360 Sq. Ft. | 1/3/2007 | $210,000 |
| 5 | 3013 NOTTINGHAM AVE | — | 1 | 2,140 Sq. Ft. | 7,440 Sq. Ft. | 1/3/2007 | $230,000 |
| 6 | 3817 153RD PL | — | 1 | 1,892 Sq. Ft. | 6,468 Sq. Ft. | 11/6/2007 | $235,000 |
| 7 | 3940 172ND ST | — | 1 | 2,182 Sq. Ft. | 7,312 Sq. Ft. | 10/20/2006 | $240,000 |
| 8 | 15374 MICHAELE DR | — | 2 | 2,200 Sq. Ft. | 7,712 Sq. Ft. | 2/29/2008 | $250,000 |
| 9 | 16620 TURNER AVE | | 2 | 2,470 Sq. Ft. | 7,980 Sq. Ft. | 8/8/2006 | $273,000 |
| 10 | 16551 LAWNDALE AVE | — | 2 | 2,847 Sq. Ft. | 43,560 Sq. Ft. | 3/14/2007 | $315,000 |

*Exhibit A*



## Averages

| | This Home | Average | Difference |
|---|---|---|---|
| Sale Price: | $295,000 | $254,040 | 14% |
| Last Sale: | A year ago | A year ago | – |
| Bedrooms: | | | |
| Bathrooms: | 2 | 1.75 | 12% |
| Living Area: | 2,192 Sq. Ft. | 2,106 Sq. Ft. | 4% |
| $ per Sq. Ft.: | $134.58 | $121 | 10% |
| Lot Size: | 8,228 Sq. Ft. | 10,290 Sq. Ft. | -25% |
| $ per lot Sq. Ft.: | $35.85 | $25 | 30% |
| Total Rooms: | | | |
| # of Stories: | – | – | – |



## Comparables



## Top Ten Comparable Homes

| # | Address | Bedrooms | Bathrooms | Living Area | Lot Size | Sales Date | Last Sale |
|---|---------|----------|-----------|-------------|----------|------------|-----------|
| 1 | 8512 S OGLESBY AVE | | 1 | 1,182 Sq. Ft. | 4,688 Sq. Ft. | 1/3/2008 | $188,000 |
| 2 | 8419 S LUELLA AVE | — | 1 | 1,266 Sq. Ft. | 3,750 Sq. Ft. | 11/7/2007 | $225,000 |
| 3 | 8426 S JEFFERY BLVD | — | 1 | 1,225 Sq. Ft. | 4,725 Sq. Ft. | 9/17/2007 | $235,000 |
| 4 | 9035 S PHILLIPS AVE | | 1 | 1,227 Sq. Ft. | 3,750 Sq. Ft. | 9/6/2007 | $236,000 |
| 5 | 8321 S YATES BLVD | — | 1 | 1,300 Sq. Ft. | 4,688 Sq. Ft. | 3/12/2007 | $250,000 |
| 6 | 8335 S LUELLA AVE | — | 1 | 1,200 Sq. Ft. | 5,625 Sq. Ft. | 3/28/2007 | $250,000 |
| 7 | 8450 S OGLESBY AVE | — | 1 | 1,104 Sq. Ft. | 4,500 Sq. Ft. | 12/4/2007 | $260,000 |
| 8 | 8622 S SAGINAW AVE | | 1 | 1,283 Sq. Ft. | 3,720 Sq. Ft. | 1/8/2008 | $265,000 |
| 9 | 8124 S OGLESBY AVE | — | 1 | 1,312 Sq. Ft. | 4,375 Sq. Ft. | 2/13/2008 | $280,000 |
| 10 | 8338 S OGLESBY AVE | — | 1 | 990 Sq. Ft. | 3,750 Sq. Ft. | 2/1/2008 | $285,000 |



Exhibit B

## ITEMIZATION OF AMOUNT FINANCED

Borrower:

SYREETA  DORSEY

Creditor:

FIRST FRANKLIN FINANCIAL CORP.,

AN OP. SUB. OF MLB&T CO., FSB

2150 NORTH FIRST STREET

SAN JOSE, CA  95131

8515 S OGLESBY AVE

CHICAGO, IL 60617

Loan Number: 4001561681

Date: 08/31/2007

Property Address: 8515 S OGLESBY AVE
                  CHICAGO, IL  60617

Term: 360

Rate: 9.4000

LTV: 80.00

---

Listed below is the ITEMIZATION OF AMOUNT FINANCED.

SALES PRICE:   $  255000.00

LOAN AMOUNT:                                                      $    204000.00

ITEMIZATION OF PREPAID FINANCE CHARGES:
-   Origination points   1.5000% to REAL PEOPLE MORTGAGE LLC      3060.00
-   Administration Fee to LENDER                                   799.00
-   Flood Cert to FIS Flood Services                                 9.00
-   Tax Service to LENDER                                           72.00
-   Compliance Review Fee to LENDER                                 15.50
-   Application Fee to REAL PEOPLE MORTGAGE LLC                    350.00
-   Prepaid Interest for (08/31/2007 - 09/01/2007)                 53.27
-   Settlement or Closing Fee to AMAXX TITLE                      1500.00
-   Review Appraiser Fee to TEPLITSKY, IGOR N.                     200.00

        TOTAL PREPAID FINANCE CHARGE:                            $      6058.77

        AMOUNT FINANCED:                                         $    197941.23

OTHER SETTLEMENT CHARGES:
    AMOUNTS PAID TO OTHERS ON YOUR BEHALF BY CREDITOR -
-   Broker Appraisal Fee to FINLEY, DANIEL T.                     350.00
-   Title Insurance to AMAXX TITLE                                 500.00
-   Recording Fees(Deed:$135.00)                                  135.00

        TOTAL OTHER SETTLEMENT CHARGES:                          $       985.00

        LOAN PROCEEDS:                                           $    196956.23

FEES PAID BY LENDER

        TOTAL FEES PAID BY LENDER:                               $

  to REAL PEOPLE MORTGAGE LLC $0.00

---

  I (We) hereby acknowledge that I (we) have received and read a completed copy of the HUD
Special Information Booklet "Settlement Cost", unless the loan being applied for is for
refinancing the property.
  If for any reason the loan I (we) have applied for does not close, and if permitted by
applicable law, I(we) agree to reimburse the lender for any and all costs incurred to process
my (our) application including, but not limited to: appraisal, survey, and title insurance.

Exhibit
C

                              8/31/07



## Averages

|  | This Home | Average | Difference |
|---|---|---|---|
| Sale Price: | $255,000 | $231,070 | 4% |
| Last Sale: | A year ago | A year ago | – |
| Bedrooms: |  |  |  |
| Bathrooms: | 1 | 1 | 0% |
| Living Area: | 1,200 Sq. Ft. | 1,219 Sq. Ft. | -2% |
| $ per Sq. Ft.: | $212.5 | $190 | 11% |
| Lot Size: | 4,688 Sq. Ft. | 4,692 Sq. Ft. | 13% |
| $ per lot Sq. Ft.: | $54.39 | $56 | -3% |
| Total Rooms: |  |  |  |
| # of Stories: | – | – |  |

Doc#: 0808808030 Fee: $64.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 02/08/2008 02:08 PM Pg:  1 of 4

RECORDING REQUESTED BY          )
AND WHEN RECORDED MAIL TO:      )
                                )
                                )
_____      RECORDER'S USE

### DECLARATION OF ASSIGNEE'S UPDATE OF PATENT

### PATENT NUMBER 2477

Know all men by these presents that Syreeta Dorsey does severally certify and declare that I/we bring this patent in my/our name(s):

The character of said property so sought to be patented and legally described and referenced under the patent number listed above is (Legal Description): Parcel #20-36-421-004, Section-Township: 36-38-14, SubDiv-Condo: LINCOLNSE1/4SE1/4N4E, Lot 4: 71 Block 4: 1 Part of Lot, Section-Township: 36-38-14, SubDiv-Condo: LINCOLNSE1/4SE1/4N4E, commonly known as 8515 S. Oglesby Avenue, Chicago, Illinois 60617.

1. Notice of pre-emptive right. Pursuant to the Declaration of Independence (1776), the Treaty of Peace with Great Britain (8 Stat. 80) known as the Treaty of Paris (1793), an Act of Congress (3 Stat. 566, April 24, 1820), the Oregon Treaty (9 Stat. 869, June 15, 1846), the Homestead Act (12 Stat. 392, 1862). And 43 USC 57, 59, and 83: The recipient thereof is mandated by Article VI Section 1-3 and Article VI Section 1 Clause 1-2, Section 2 Clause 1-2, Section 4, and the Fourth, Seventh, Ninth, and Tenth Amendments to the U.S. Constitution to acknowledge Assignee's update of patent prosecuted by the authority of Article III Section 2 Clause 1-2 and enforced by original/exclusive jurisdiction thereunder. It is the only way a perfect title can be had in our names. **Wilcox v. Jackson**, 13 Peter (U.S.) 498, 10 L. ED. 264. All questions of fact decided by the General Land Office are binding everywhere, and injunction and mandamus proceedings will not lie against it. **Litchfield v. Register**, 9 Wall. (U.S.) 575, 19 L.ED 681. This document is instructed to be attached to all deeds and/or conveyances in the name(s) of the above party(ies) as required recording of this document, in a manner known as nunc pro tunc (as it should have been done in the beginning), by order of the United States Supreme Court mandated in the case cited above.

2. Notice and effect of a land patent. A grant of land is a public law standing on the statute books of the State of Illinois and is notice to every subsequent purchaser under any conflicting sale made afterward. **Wineman v. Gastrell**, 54 F. 819, 4 CCA 396, 2 U.S. App 581. A patent alone passes title to the grantee. **Wilcox v. Jackson**, 13 Peter (U.S.) 498, 10 L. ED. 264. When the United States has parted with title by a patent legally issued, and upon surveys legally made by itself and approved by the proper department, the title so granted cannot be impaired by any subsequent survey made by the government for its own purposes. **Cragin v. Powell**, 13 La.Ann 128. In the case of ejectment, where the question is who has the legal title, the patent of the government is

Page 1 of 3

Exhibit
D

unavailable. Sanford v. Sanford, 129 U.S. 642. The transfer of legal title (patent) to the public domain gives the transferee the right to possess and enjoy the land transferred. Gibson v. Chouteau, 80 U.S. 92. A patent for land is the highest evidence of title and is conclusive, as evidence, against the government and all claiming under junior patents or titles. United States v. Stone, 2 U.S. 525. Estoppel has been maintained as against a municipal corporation (county). Bumllie v. Enyeart, 209 U.S. 393. Until it issues, the fee is in the government, which by the patent passes to the grantee, and he is entitled to enforce possession in ejectment. Bagnell v. Broderick, 13 Peter (U.S.) 436. State statutes that give lesser authoritative ownership of title than the patent cannot even be brought into federal court. Langdon v. Sherwood, 124 U.S. 74, 80. The power of Congress to dispose of its land cannot be interfered with, or its exercise embarrassed by any state legislation; nor can such legislation deprive the grantees of the United States of the possession and enjoyment of the property granted by reason of any delay in the transfer of the title after the initiation of proceedings for its acquisition. Gibson v. Chouteau, 13 Wall (U.S.) 92, 93.

3. Land title and transfer: The existing system of land transfer is a long and tedious process involving the observance of many formalities and technicalities, a failure to observe any one of which may defeat the title. Even where these have been most carefully complied with, and where the title has been traced to its source, the purchaser must be at his peril, there always being spite of the utmost care and expenditure, the possibility that this title may turn out bad. Yeakle, Torrence System, 208. Patents are issued (and theoretically passed) between sovereigns. Leading Fighter v. County of Gregory, 230 N.W.2d 114, 116. The patent is patent facie conclusive evidence of title. Marsh v. Brooks, 49 U.S. 223, 233.

4. An estate in inheritance without condition, belonging to the owner and alienable by him, transmissible to his heirs absolutely and simply, is an absolute estate in perpetuity and the largest possible estate a man can have, being in fact alloidal in its nature. Stanton v. Sullivan, 63 R.I. 216, 7 A. 696. The original meaning of a perpetuity is an inalienable, indestructible interest. Bouvier's Law Dictionary, Volume III P. 2570 (1914). If this land patent is not challenged, as stated above, within 60 days it then becomes one/my property, as no one else has followed the proper steps to get legal title, the final certificate or receipt acknowledging payment in full by a homesteader or preemptor is not legal effect of a conveyance of land. U.S. v. Steenerson, 40 F. 504, 1 CCA 552, 4 U.S. App. 552. A land patent is conclusive evidence that the patent has complied with the Act of Congress as concerns improvements on the land, etc. Jankins v. Gibson, 3 LA Ann. 203.

5. Law of rights, privileges, and immunities: Transfer by patentee of title and rights to bonafide purchaser from patentee will be protected. United States v. Detroit, 355 F. 760 (C8 SD 1915); United States v. Bannon, 272 F. 876 (CA 8 Colo 1917); State v. Hewitt Land Co., 74 Wash. 573, 134 P. 474, from 43 U.S.C. 15 n. 44. As an assignee, whether he is the first, second, or third party to whom title is... in cases of ejectment, where the question is who has the legal title, the patent of the government is unassailable. Sanford v. Sanford, 139 U.S. 642. In federal courts, patents are held to be the foundation of title at law. Ems v. Holmes, 21 Howard 481.

Sep 09 2007 11:23PM    HP LASERJET FAX

P. 4

6. Immunity from collateral attack: Collins v. Bartlett, 44 Cal. 371; Weber v. Pere Marquette Boom Co., 82 Mich. 626, 30 N.W. 469; Sweet v. Doe, 34 Miss. 118; Fitzmont Copper Co. v. Vanina, 71 Mont. 44, 227 Pac. 45; Green v. Barker, 74 Neb. 934, 66 N.W. 1032.

7. Disclaimer: Assignees seizen in deed, and lawful entry, is inclusive of specifically that certain legally described portion of the original land grant of Patent No. 2477 and not the whole thereof, including hereditaments, tenements, pre-emption rights appurtenant thereto. The recording of this instrument shall not be construed to deny or infringe upon any others right to claim the remaining portion thereof. Any challenges to the validity of this Declaration and notice are subject to the limitations referenced herein, additionally, a common courtesy of sixty (60) days is stipulated for any challenges hereto, otherwise, laches/estoppel shall forever bar the same against allodial freehold estate; assessment lien theory to the contrary (Ors 275, 130) included.

The following documents are attached to this Declaration: A certified copy of the original land grant or patent, declaration of homestead, legal description of portion of said grant or patent.

Signature of Assignee _____    Signature of Witness 1 _____

Printed Name of Assignee: SYREETA DORSEY    Signature of Witness 2 _____

State of _____ IL _____

County of _____ Cook _____

Subscribed and sworn before me this 8th day of Feb., 20 08.

Signature of Notary _____    Stamp or Seal of Notary

When recorded, return to:

Syreeta Dorsey
8515 Oglesby Avenue
Chicago, IL 60617

OFFICIAL SEAL
SARAH WILLIAMS
Notary Public - State of Illinois
My Commission Expires Sep 4, 20__

THE UNITED STATES OF AMERICA,

County, Illinois,

has deposited in the GENERAL LAND OFFICE of the United States, a Certificate of the REGISTER OF THE LAND OFFICE at *Chicago* whereby it appears that full payment has been made by the said

*Elijah H. Hubbard* according to the provisions of the Act of Congress of the 24th of April, 1820, entitled "An Act making further provision for the sale of the Public Lands," for

the South East quarter of Section thirty six in Township thirty eight North, of Range fourteen East, in the District of Lands subject to sale at Chicago Illinois, containing one hundred and sixty acres

according to the official plot of the survey of the said Lands, returned to the General Land Office by the SURVEYOR GENERAL, which said tract has been purchased by the said *Elijah H. Hubbard*

NOW KNOW YE, That the United States of America, in consideration of the Premises, and in conformity with the several acts of Congress, in such case made and provided, HAVE GIVEN AND GRANTED, and by these presents DO GIVE AND GRANT, unto the said *Elijah H. Hubbard*

and to *his* heirs, the said tract above described: TO HAVE AND TO HOLD the same, together with all the rights, privileges, immunities, and appurtenances of whatsoever nature, thereunto belonging, unto the said

*Elijah H. Hubbard* and *his* heirs and assigns forever.

In Testimony Whereof, I, *Martin Van Buren* PRESIDENT OF THE UNITED STATES OF AMERICA, have caused these Letters to be made PATENT, and the SEAL of the GENERAL LAND OFFICE to be hereunto affixed.

GIVEN under my hand at the CITY OF WASHINGTON, the *first* day of *October* in the Year of our Lord one thousand eight hundred and *thirty nine* and of the INDEPENDENCE OF THE UNITED STATES the *Sixty Fourth*.

BY THE PRESIDENT: *Martin Van Buren*

By *A Van Buren* Jr.

*H. M. Garland* Recorder, of the General Land Office.

# Declaration of Homestead

I, Syreeta Dorsey, do hereby declare:

1. That my/our mailing address for homestead is: 8315 S. Oglesby Avenue, Chicago, IL. 60617.

2. I am now residing on the land and premises located in the City of Chicago, County of Cook, State of Illinois known and legally described as follows:
Parcel #26-36-421-004, Section-Township: 36-38-14, SubDiv-Condo: LINCOLNSE1/4SE1/4N&E, Lot #: 71 Block #: 1 Part of Lot, Section-Township: 36-38-14, SubDiv-Condo: LINCOLNSE1/4SE1/4N&E.

3. I hereby declare and claim said premises as my homestead.

4. No further declaration of homestead has been made by me except as has been abandoned.

Solemnly declared on this ___8___ day of ___February___ in 20_08___.

_Syreeta Dorsey_
Signature of Homesteader

State of ___IL___

County of ___Cook___

I, Syreeta Dorsey, being duly sworn on oath or affirmation, deposes and says that as signer(s) of this Declaration of Homestead, all statements made herein are true and correct to the best of my/our knowledge and belief. Subscribed and sworn/affirmed to me on this ___8th___ day of ___Feb.___, 20_08___

_Signature of Notary_
Signature of Notary

My Commission Expires ___9/5/2010___

Stamp/Seal of Notary

OFFICIAL SEAL
NOTARY WILLIAMS
Notary Public - State of Illinois
My Commission Expires Sep 5, 2010

SYREETA DORSEY HAS FILED LAND
Patent  #2477  as  Doc.
#0803909030, Cook County Re-
corder of Deeds, for her property,
8515 S. Oglesby Ave., Chicago, IL
60617.
Challenges to this land patent must
be made within 60 days of the first
publication of this notice.
Thereafter, challengers will be as-
sessed a $5000 per day fine.

# CERTIFICATE OF PUBLICATION

**CASE NO.**

**SYREETA DORSEY LAND PATENT**

## LAW BULLETIN PUBLISHING CO.

does hereby certify that it is the publisher of

## CHICAGO DAILY LAW BULLETIN,

that said **CHICAGO DAILY LAW BULLETIN** i
a secular newspaper that has been published
**DAILY** in the City of Chicago, County of Cook
State of Illinois, continuously for more than one
year prior to the first date of publication of the
notice, appended, that it is of general circulation
throughout said County and State, that it is
newspaper as defined in "An Act to revise the
law in relation to notices," as amended, Illinoi
Compiled Statutes (715 ILCS 5/1 & 5/5), and
that the notice appended was published in the
said **CHICAGO DAILY LAW BULLETIN** o:
Feb—27-5-12-19

First publication date:
**FEBRUARY 27, 2008**
Final publication date:
**MARCH 19, 2008**

In witness thereof, the undersigned has caused
this certificate to be signed and its corporate
seal affixed at Chicago, Illinois.

**MARCH 19, 2008**

**LAW BULLETIN PUBLISHING CO.**
By _____

0  7  3 — 9  0  4

Exhibit
E